

**IN THE
TENTH COURT OF APPEALS**

No. 10-14-00121-CR

**JEFFREY DEAN GERRON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 36,660CR**

**DISSENTING OPINION**

The majority in this proceeding has determined that the admission of the testimony of Bjorn Ludvigsen, a Norwegian officer with the National Criminal Police of Norway, was erroneous both on the basis of hearsay and a violation of the Confrontation Clause, and I agree with both of those findings. However, the majority holds that the admission of this testimony was harmless pursuant to both the constitutional and non-constitutional standards for determining harm. *See* TEX. R. APP. P. 44.2(a) & (b). I do not agree that the admission of this testimony was harmless and would therefore reverse the

trial court's judgments as to counts five, eight, and ten. Because the State's expert, Dr. Jayme Coffman, affirmatively testified that in her opinion the girl depicted in count nine was under the age of eighteen, I agree that the admission of the testimony was harmless as it related to count nine only.

Constitutional error in the admission of evidence in violation of the Confrontation Clause requires reversal unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction. TEX. R. APP. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010). We do not focus on the propriety of the jury's verdict, nor does our analysis turn on whether the jury's verdict was supported by the evidence. *Langham*, 305 S.W.3d at 582; *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007). Indeed, the majority has found, and I agree, that the evidence was sufficient to support the convictions.

Instead, the question is the likelihood that the constitutional error was actually a contributing factor in the jury's deliberations in arriving at that verdict—whether, in other words, the error adversely affected "the integrity of the process leading to the conviction." *Scott*, 227 S.W.3d at 690. Thus, evidence admitted in violation of the Confrontation Clause requires reversal if there is a reasonable possibility that, within the context of the entire trial, the perceived error "moved the jury from a state of non-persuasion to one of persuasion on a particular issue." *Langham*, 305 S.W.3d at 582; *Scott*, 227 S.W.3d at 690.

In this instance, the issue is whether or not the female depicted in the photograph is under the age of eighteen.

If an appellate court rules that a constitutional error in the admission of evidence is harmless, it is, in essence, asserting that the nature of that evidence is such that it could not have affected the jury's deliberations or verdict. *See Wall v. State*, 184 S.W.3d 730, 746 (Tex. Crim. App. 2006) (*citing Chapman v. California*, 386 U.S. 18, 23-24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)) (in addressing whether constitutional error is harmless, the critical inquiry is whether the error may have contributed to appellant's conviction or punishment; the standard of review "requires the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained").

In many cases, there is overwhelming evidence of guilt or the evidence is cumulative of other evidence that was presented during the trial. However, in this case, as to these three counts, the evidence was not as overwhelming. The State's expert in physiology of females stated why she was unable to tell the age of the female in count 5, which was due to her breast tissue and shape. In count 8, the expert could not make a determination because the labia majora was closed. The expert stated only that she could not make a determination at all regarding count 10. The majority states that the photographs in counts 5 and 10 "undoubtedly depict an early prepubescent girl" and that count 8 is "undoubtedly one of an early prepubescent or early pubescent girl." I disagree

with those assertions, especially as the State's expert testified that a prepubescent girl would have no breast tissue. I also disagree with the assertion that the female depicted in count 8 is "undoubtedly" early prepubescent or early pubescent, apparently solely due to her lack of pubic hair according to the majority's opinion.

It is apparent that Ludvigsen's testimony was very important to the State's case. The State referred to Ludvigsen as someone who works for "the actual NCIS in Norway" during voir dire. In the State's opening statement, Ludvigsen's anticipated testimony was "[t]hat he knows who they are, he knows how old they were at the time those photos were taken and he knows the circumstances of those photos being taken." We learned from Ludvigsen that the names of the girls were Maria and Ellen, where and how the photographs were taken, as well as the specific ages of the girls. Ludvigsen had personal knowledge of none of this, and this evidence was found nowhere else in the record. There was nothing to corroborate or contradict his testimony. Unquestionably there was extensive extraneous evidence of Gerron's proclivity toward child pornography; however, the error in the admission of Ludvigsen's testimony certainly would have an impact on Gerron's arguments regarding the prejudice caused by the admission of all of the extraneous evidence.

The State referred to Ludvigsen's testimony in two segments of its closing argument, in context with the testimony of the State's expert, Dr. Coffman. The State stated in the opening segment of its argument that "[w]e had Dr. Coffman tell you these

children are under the age of 18. In fact, they're much younger than 18. You had Bjorn Ludvigsen tell you that the children that he's familiar with were under the age of 18 in the Indictment." Later, in the closing segment of its argument, the State further contended that:

> You heard Dr. Coffman come in here and tell you about some of the images. And, again, we did that to provide you with context, to tell you how she makes a medical determination about whether these children are prepubescent, early pubescent, late pubescent or adult. And remember what she said. I think [defense counsel] mischaracterized her testimony. She reviewed these images and she was able to make a determination about five of them saying, for sure her medical certainty is these children are prepubescent. Okay?
>
> She did not ever say that the other five are adults. Not one time. She said, I cannot make that medical determination. That's what she said. However, you know from Bjorn Ludvigsen on some of those photos that Dr. Coffman could not determine, I don't know if these are children or not, I can't medically make that determination, but *he told you, I know they're children, and they're 10 and 11 years old*. (emphasis added).

"At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment.'" *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011) (*quoting* TEX. R. APP. P. 44.2(a)). If the only consideration was whether or not the evidence was sufficient, I would agree that the error was harmless. But that is not the standard. I cannot agree with the majority's holding that Ludvigsen's clear and definite testimony regarding the identities and ages of the females

in the photographs was not a contributing factor in the jury's deliberations beyond a reasonable doubt. I would hold that the erroneous admission of Ludvigsen's testimony was harmful and reverse the judgments in counts five, eight, and ten for a new trial.[1]

Because I would reverse the judgments as to counts five, eight, and ten, the order cumulating Gerron's sentences would have to be modified to delete those counts, and therefore, I dissent from the majority opinion's resolution of issue nine as well.

TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed October 26, 2016
Publish



---

[1] I also would hold that the admission of Ludvigsen's testimony was harmful pursuant to the nonconstitutional standard of harm. TEX. R. APP. P. 44.2(b).